**IN THE UNITED STATES COURT DISTRIC COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **UNITED STATES OF AMERICA** * | |
| * | |
| v.   * | **CRIMINAL NO. GLR-13-0371** |
| * | |
| **MARLAND MAYNOR,**   * | |
| * | |
| **Defendant**   * | |

\* \* \* \* \*

**GOVERNMENT'S CONSOLIDATED RESPONSE TO
DEFENDANT'S PRETRIAL MOTIONS**

The United States of America, by and through its counsel, Rod J. Rosenstein, United States Attorney for the District of Maryland, and Brandis Marsh, Special Assistant United States Attorney for said district, respectfully submits this Opposition to Defendant's Pretrial Motions and in support, submits the following:

## I.  Introduction

On July 23, 2013, the Defendant, Marland Maynor was charged in a two-count indictment with possession of a firearm after prior felony conviction in violation of 18 U.S.C. § 922(g) and possession with intent to distribute heroin in violation of   21 U.S.C. § 841(a)(1).   There is no scheduled trial date at this time.

In anticipation of trial, the Defendant has moved to suppress statements he made on the day of his arrest, evidence recovered pursuant that arrest, and evidence recovered pursuant to his statements.   For the following reasons, Defendant's motions should be denied.

## II.  Background

On February 15, 2013, Detectives with the Baltimore Police Department (BPD) were driving in the 2700 block of Edmonson Avenue.   They were in plain clothes and in unmarked units.   The detectives know this area to be rife with narcotics and violence.   As they

1

approached they observed several people gathered outside the Am-Ko liquor store. The detectives stopped in front of the liquor store at 2802 Edmonson Avenue. Individuals became aware of the detectives presence and some quickly went inside the liquor store. Being familiar with the liquor store and the area the detectives stepped out of their vehicle. They observed Marland Maynor inside store. Detectives had arrested Maynor in the weeks prior for a felony controlled dangerous substance (CDS) violation in the immediate vicinity. As detectives entered the store, a third party alerted Maynor to their presence. Maynor immediately turned away from the detectives and attempted to secrete a plastic bag inside his waist band. Detectives observed the plastic bag and based on their training and experience believed it to be CDS.

Detectives recovered the bag from his waistband and found it contained 5 gel caps of cocaine. Detectives then placed Maynor under arrest. A search of his person incident to the arrest recovered $140 United States currency made up of various denominations.

A second detective took Maynor outside to the police vehicle. As Maynor arrived at the car, Maynor told the detectives, "I can get you a gun." Detectives then placed Maynor in the rear of the vehicle and immediately advised Maynor of his *Miranda* warnings. Maynor advised the detectives that he understood his rights and proceeded to give a statement. At no time were any promises given to Maynor regarding the handgun. Maynor described the location of the handgun. As a result detectives went to the location described which was within a hundred feet of the liquor store. Specifically at Maynor's instruction the Detectives approached a vehicle and located in the rear passenger wheel well was a Smith and Wesson .32 caliber handgun revolver, model 30-1, serial number H7662 and loaded with three live rounds.

### III. Motion to Suppress Evidence

The Defendant has moved to suppress the evidence recovered from his person. It is well established that a warrantless arrest is permitted where there is probable cause to believe a felony

has been committed by the arrested person based on ?the totality of the circumstances. *Illinois v. Gates*, 462 U.S. 213, 230-231 (1983). Police officers may also effect a warrantless arrest of an individual in a public place for a misdemeanor if it is committed in the officer's presence and if the arrest is supported by probable cause. *Maryland v. Pringle*, 540 U.S. 366 (2003); United States v. McNeill, 484 F.3d 301 (4th Cir. 2007). Probable cause exists where, at the time the arrest occurs, the facts and circumstances within the officer's knowledge would warrant the belief of a prudent person that the arrestee had committed or was committing an offense. *United States v. Manbeck*, 744 F.2d 360, 376 (4th Cir. 1984).

Here the detectives entered an area known to them for heavy drug trafficking, observed a response to their presence, and then observed the defendant who they had previously arrested for narcotics activity in that very location. Upon entry into the liquor store the detective observed a plastic bag which based on his training and experience believed the plastic bag contained CDS. The detectives had probable cause to arrest Maynor and anything recovered from his as part of a search incident to that legal arrest is admissible and therefore the Defendant's motion should be denied.

### IV. Motion to Suppress Statements

The Defendant has also moved to suppress the statements he made to the police, arguing that the statements were made in violation of *Miranda,* the Fifth Amendment and the Sixth Amendment.

Statements made to law enforcement must comply with the requirements of *Miranda* and the Due Process clause of the Fifth Amendment Statements. *Colorada v. Connelly*, 479 U.S. 157 (1986)*; Miranda,* 384 U.S. 436 (1966). Where *Miranda* rights have been waived, the analysis of the voluntariness of the *Miranda* waiver and the voluntariness of the statements under the Due Process Clause is the same. *United States v. Christobal*, 293 F.3d 134 (4th Cir. 2002).

As the Supreme Court held in *Moran v. Burbine,* a Defendant may waive his *Miranda* rights "provided the waiver is made voluntarily, knowingly and intelligently."  *Burbine,* 475 U.S. 412, 421 (1986). In order to be knowing and intelligent, the waiver must have been made "with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it."  *Christobal ,*293 F.3d at 139-140.  The test for determining whether a statement is voluntary under *Miranda*, "is whether the defendant's will has been overborne or his capacity for self-determination critically impaired."  *Id* at 140, (quoting *United States v. Pelton,* 835 F.2d 1067, 1071 (4th Cir. 1987).  To make this determination, courts must consider the "totality of the circumstances," including the characteristics of the Defendant, the setting of the interview, and the details of the interrogation.  *Pelton*, 835 F.2d at 1071.

Coercive police activity is a necessary predicate to a finding that a *Miranda* waiver was involuntary.  *Connelly*, 479 U.S. at 167.  Such coercion has been found where the suspect was subjected to severe physical abuse, *see Brown v. Mississippi*, 297 U.S. 278 (1936), held incommunicado and questioned for over 36 hours without sleep or rest, *see Ashcraft v. Tennessee*, 322 U.S. 143 (1944), given "truth serums," *see Townsend v. Sain*, 372 U.S. 293 (1963), or threatened with a loaded gun while wounded, *see Beecher v. Alabama*, 389 U.S. 35 (1967).  A deficient mental condition (whether the result of a pre-existing mental illness or, for example, pain killing narcotics administered after emergency treatment) is not, without more, enough to render a waiver involuntary.  *Christobal,* 293 F.3d at 141 (waiver given after the suspect had been shot multiple times, undergone emergency surgery and given pain killers and narcotics found to be voluntary).  "While mental condition is surely relevant to an individual's susceptibility to police coercion, mere examination of the confessant's state of mind can never conclude the due process inquiry."  *Connelly*, 479 U.S. at 165.

Here, the questioning of the Defendant took place in the rear of an unmarked police unit.

At the time of the incident, Maynor was 33 years old and had already amassed considerable experience in the criminal justice system. In fact Maynor had been arrested by some of the same detectives the week prior. Maynor was alert at the time of the interview and had no apparent difficulty in understanding what was happening or what was being said. He was neither injured nor impaired in any way at the time of the interview and none of the officers present at the time assaulted Maynor or threatened him with violence. Nor did the officers threaten him with jail time or specific charges or try to trick Maynor into providing information about the hand gun. The officers asked no questions before Massenburg volunteered that he could "get them a gun." Furthermore after informing the officers of the gun he was informed of his *Miranda* rights and the Defendant further disclosed specific information regarding the location of the handgun. In all, there is no evidence of any coercion, at any time, by the police officers interviewing Maynor, nor any evidence that Maynor's will was overborne or his capacity for self-determination critically impaired. Accordingly, Defendant's motion to suppress his statements should be denied.

## V. Motion to Suppress Tangible and Derivative Evidence Statements

A search incident to a lawful arrest is a traditional exception to the warrant requirement of the Fourth Amendment. *United States v. Robinson*, 414 U.S. 218, 224 (1973). Furthermore, when police officers have probable cause to make an arrest, they may conduct a search of, "....the arrestee's person and the area 'within his immediate control" *Chimel v. California*, 395 U.S. 752, 763 (1969).

Once Maynor was placed into custody on scene, he was searched by law enforcement. During that search officers recovered $140 United States Currency. Because this search was incident to a lawful arrest, the evidence seized was properly obtained and should be admissible.

## VII. Conclusion

Therefore, for all the reasons given above, Maynor's motions to suppress evidence, and

motion to suppress statements should be denied.

                                        Respectfully submitted,

                                        Rod J. Rosenstein
                                        United States Attorney


                                        By: _____/s/_____
                                        Brandis Marsh
                                        Special Assistant United States Attorney
                                        36 South Charles Street
                                        Fourth Floor
                                        Baltimore, Maryland 21201
                                        (410) 209-4897


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 28, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notice of such filing to the following registered CM/ECF users:

    Joseph Balter, Esq.
    Assistant Federal Public Defender