## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| **v.** | * | **Case No. GLR-13-371** |
| **MARLAND MAYNOR** | * | |

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

### DEFENDANT'S REPLY TO THE GOVERNMENT'S MOTION RESPONSE

The defendant, Marland Maynor, by and through his attorneys, James Wyda, Federal Public Defender for the District of Maryland and Joseph A. Balter, Deputy Federal Public Defender, hereby replies to the government's motion response as follows.

The government alleges that the warrantless arrest of Mr. Maynor was supported by probable cause based on the "totality of circumstances" known to the arresting officers. *Illinois v. Gates,* 462 U.S. 213 (1983).  Probable cause exists where 'the facts and circumstances within [the officers] knowledge and of which they had reasonably trustworthy information (are) sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed. The substance of all the definitions of probable cause "is a reasonable ground for belief of guilt." *Brinegar v. United States*, 338 US 160, 175 (1949).

The government contends that a combination of factors provided probable cause for the arrest of Mr. Maynor including the following: the event occurred in a high crime area; the officers' knowledge of defendant's prior alleged criminal conduct; and the defendant's furtive conduct and hand motion toward his waistband.  The Court will be conducting an evidentiary hearing to determine the evidence of each of these factors.

While it may be permissible for the Court to consider the factors cited by the government, it is also clear that the existence of any of these factors alone would not be sufficient to provide probable cause.  *See United States v. Sprinkle,* 106 F. 3d 613, 617 (4th Cir. 1997)(no reasonable suspicion where officers aware of defendant's past criminal record; events occurred in a high crime area; and defendant attempted to hide his face and closely huddled with another person in vehicle); *United States v. Powell*, 666 F.3d 180, 188 (4th Cir. 2011)(officers' knowledge of prior record alone not sufficient for reasonable suspicion); *United States v. Davis*, 94 F.3d 1465, 1469 (10th Cir.1996) ([Defendant's] prior criminal record "is not, standing alone, sufficient to create reasonable suspicion."); *United States v. Massenburg,* 654 F. 3d 480, 486 (4th Cir. 2011)(defendant's nervous or furtive behavior, high crime area standing alone not sufficient to establish reasonable suspicion); *United States v. Foster,* 634 F. 3d 243; 246-47 (4th Cir. 2011) (combination of factors including officer's knowledge of defendant's prior record, defendant being in crouched position in vehicle, defendant engaging in erratic activity with his arms, not sufficient to establish reasonable suspicion; court noting disapprovingly of "the inclination of government to use whatever facts necessary to establish reasonable suspicion"); *In re Jeremy P.,* 197 Md. App.1, 13 (2011) (police officer's observations of a suspect making an adjustment in the vicinity of his waistband alone does not give rise to reasonable suspicion).

Defendant contends that the evidence to be presented by the government at the motions hearing will not establish that the officers had probable cause to arrest Mr. Maynor.

The government's response with respect to the motion to suppress tangible and derivative evidence addresses only the police seizure of currency from the defendant incident to the arrest.  The defendant contends that defendant's custodial statements and seizure of the firearm that followed

the defendant's statements are also derivative evidence that should be suppressed as the "fruit of the poisonous tree." According to the government, upon his arrest the defendant stated that he could locate a firearm for the police. The defendant then directed the officers to the location of a vehicle and told the officers where a firearm would be found. The statements and the seizure of the firearm were fruit of both the arrest and the subsequent statements. Should the Court find that either the defendant was unlawfully arrested or the statements related to the firearm were obtained unlawfully the firearm itself must be suppressed as well.

Evidence seized by law enforcement authorities obtained as a result of the exploitation of evidence unlawfully seized is subject to suppression unless sufficiently attenuated from the illegality. *See Wong Sun v. United States,* 371 U.S. 471, 487-88 (1963) (Physical evidence or verbal statements resulting from unlawful seizure inadmissible except when sufficiently attenuated from seizure.); *Brown v. Illinois,* 422 U.S. 590, 600–04 (1975) (Miranda warning alone insufficient to dissipate the taint of unlawful arrest); *Dunaway v. New York,* 442 U.S. 200, 217-219 (1979)(Same). The defendant contends that the evidence will establish that the firearm was seized moments following both the initial arrest and the custodial statements made following the arrest. The defendant contends that should the Court hold that the defendant's arrest was unlawful, or that the defendant's statements were obtained unlawfully, the firearm must be suppressed as the fruit of the poisonous tree.

WHEREFORE, the defendant requests that this Court grant an Order of Suppression on the grounds alleged herein and any other ground that may become apparent upon a hearing on the motion.

Respectfully submitted,

JAMES WYDA
Federal Public Defender


/S/

_____
JOSEPH A. BALTER          #04496
Deputy Federal Public Defender
Office of the Federal Public Defender
100 South Charles Street
Tower II, 9th Floor
Baltimore, Maryland 21201
Phone: (410) 962-3962
Fax: (410) 962-0872
Email: joseph_balter@fd.org

## REQUEST FOR HEARING

Pursuant to Rule 105.6 of the Local Rules of the United States District of Maryland, a hearing is requested on the defendant's motion.

/S/

_____

JOSEPH A. BALTER          #04496
Deputy Federal Public Defender